IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:17-cv-44

MELISSA GORE,

Plaintiff,

v.

WAL-MART STORES, INC., XYZ
CORPORATION, INC., and,
JOHN DOE,

Defendants.

**DEFENDANT'S MEMORANDUM OF
LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

## MEMORANDUM OF LAW IN SUPPORT OF WAL-MART'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant WAL-MART STORES, INC. (hereinafter "Wal-Mart"),

pursuant to Local Rule 7.1 and 7.2(a), and submits this Memorandum of Law in Support of Wal-

Mart's Motion for Summary Judgment under Federal Civil Procedure Rule 56.

## STATEMENT OF THE NATURE OF THE MATTER BEFORE THE COURT

This case began with the 19 January 2017, filing of a Complaint by the Plaintiff against

Wal-Mart wherein the Plaintiff accused Defendant Wal-Mart of negligent premises liability. On

27 February 2017, Defendant Wal-Mart filed a Notice of Removal to the United States District

Court for the Eastern District of North Carolina based on diversity jurisdiction pursuant to 28

U.S.C. § 1332, and the Defendant filed an Answer on the same day. In its Answer, Defendant

Wal-Mart asserted various defenses throughout the Answer, including contributory negligence

and lack of proximate cause. The parties have engaged in discovery in this matter, the Plaintiff

has been deposed about the facts of the matter, and the case is ripe for Defendant Wal-Mart's

Motion for Summary Judgment. Defendant Wal-Mart now submits this Memorandum of Law in

Support of its Motion for Summary Judgment.

1

## STATEMENT OF THE FACTS

On or about 18 July 2014, the Plaintiff Melissa Gore visited Wal-Mart Store #1268 in Whiteville, Columbus County, North Carolina. In her Complaint, the Plaintiff alleged that she "was injured as a result of the defective condition of the floor of the Premises" at Wal-Mart Store #1268. (**Exhibit A – Plaintiff's Complaint, ¶ 9**). The Plaintiff alleged that she did not notice the alleged condition before she fell and she also alleged that Wal-Mart had actual and/or constructive notice of the alleged defective condition. (**Ex. A – Plaintiff's Complaint, ¶ 14**).

In its Answer, Wal-Mart alleged several defenses, including contributory negligence and lack of proximate cause. (**Doc. 4 – Defendant's Answer, Pg. 4**). Wal-Mart alleged that the Plaintiff contributed to her injuries by failing to keep a proper lookout and by failing to notice an open and obvious condition. (**Doc. 4 – Defendant's Answer, Pg. 4, Second Defense**). Defendant continues to contend that Plaintiff failed to take notice of an open and obvious danger and that Plaintiff failed to take exercise caution for her own safety. More particularly, the Defendant maintains that the Plaintiff cannot forecast adequate evidence that Wal-Mart had either constructive or actual notice of the alleged hazard that caused the Plaintiff to fall.

In her deposition, the Plaintiff stated that she visited the Wal-Mart store before her family's weekend trip to Lake Waccamaw, North Carolina. (**Exhibit B – Plaintiff's Deposition, Pg. 11, Lns. 15-16**). The Plaintiff was accompanied by her husband and the two were shopping for supplies for their trip. (**Ex. B – Plaintiff's Depo., Pg. 17, Lns. 18-20**). Prior to her fall, the Plaintiff went down the ice cream aisle, made her ice cream selection, and she exited the aisle from where she entered. (**Ex. B – Plaintiff's Depo., Pg. 19, Lns. 1-10**).

The Plaintiff walked back to the main aisle between the grocery section and the clothing section. (**Ex. B – Plaintiff's Depo., Pg. 19, Lns. 11-13**). As the Plaintiff entered the produce

2

area, the Plaintiff slipped and fell. After her fall, the Plaintiff noticed there were "squished grapes on the floor" where she fell. (**Ex. B – Plaintiff's Depo., Pg. 19, Lns. 22-23**).

It is important to note that the Plaintiff did not know how the grapes arrived on the floor. (**Ex. B – Plaintiff's Depo., Pg. 19, Lns. 24-25**). Additionally, the Plaintiff could not state how long the grapes had been on the floor. (**Ex. B – Plaintiff's Depo., Pg. 20, Lns. 1-2**). The Plaintiff also noted that no employees of Wal-Mart told her how the grapes arrived on the floor, and the Plaintiff stated that no employees of Wal-Mart told her how long the grapes had been on the floor. (**Ex. B – Plaintiff's Depo., Pg. 20, Lns. 3-8**). The only thing that the Plaintiff noticed was that there were "some more [grapes] that were smushed over to the side from where [she] had -- had fallen." (**Ex. B – Plaintiff's Depo., Pg. 20, Lns. 11-12**). The Plaintiff stated that 5 or 6 grapes were on the floor in the whole area where the Plaintiff fell. (**Ex. B – Plaintiff's Depo., Pg. 20, Lns. 19-20**). The Plaintiff sat on the floor for a few minutes and then her husband helped her up off of the floor. (**Ex. B – Plaintiff's Depo., Pg. 21, Lns. 21-25**).

## STANDARD FOR SUMMARY JUDGMENT

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (2017). "Summary judgment is a procedural device designed to permit penetration of an unfounded claim or defense in advance of trial, allowing for summary disposition in either party's favor when a fatal weakness in the claim or defense is exposed." *Hendrickson v. Lee*, 119 N.C. App. 444, 448, 459 S.E.2d 275, 277–78 (1995). "A defendant may meet this burden by (1) *proving that an essential element of plaintiff's claim is nonexistent,* or (2) *showing through discovery that plaintiff cannot produce evidence to support an essential element of his or her claim*, or (3) showing that plaintiff cannot

3

surmount an affirmative defense which would bar the claim." *Watts v. Cumberland Cty. Hosp. Sys., Inc.*, 75 N.C. App. 1, 6, 330 S.E.2d 242, 247 (1985), *rev'd in part,* 317 N.C. 321, 345 S.E.2d 201 (1986) (emphasis added) (citation omitted).  In all motions for summary judgment, "[t]he evidence is to be viewed in the light most favorable to the nonmoving party." *Moore v. Coachmen Indus., Inc.*, 129 N.C. App. 389, 394, 499 S.E.2d 772, 775 (1998) (citation omitted).

## ARGUMENT

**THE PLAINTIFF'S CLAIM SHOULD FAIL AS A MATTER OF LAW BECAUSE THE PLAINTIFF CANNOT OFFER ANY EVIDENCE OF THE DEFENDANT'S CONSTRUCTIVE OR ACTUAL NOTICE.**

Under North Carolina law, a landowner owes a duty of reasonable care to all visitors, other than trespassers, who come onto the landowner's premises. *Nelson v. Freeland*, 349 N.C. 615, 631, 507 S.E.2d 882, 892, (1998), *reh'g denied,* 350 N.C. 108, 533 S.E.2d 467 (1999). "A duty of reasonable care means that a landowner must not expose lawful visitors to danger unnecessarily and must provide such visitors with warnings of hidden hazards of which the landowner has actual or constructive knowledge." *Grayson v. High Point Development Ltd. Partnership*, 175 N.C. App. 786, 625 S.E.2d 591 (2006) (citation omitted).  However, North Carolina law *does not* require a store owner to be an insurer of the safety of its customers while those customers shop on the premises. *Gaskill v. Great Atlantic & Pac. Tea Co.*, 6 N.C. App. 690, 693, 171 S.E.2d 95, 97 (1969) (citation omitted).   "The proprietor of a business establishment is not required to take extraordinary precautions for the safety of his invitees, the measure of his duty in this respect being to exercise reasonable or ordinary care." *Id.* at 694, 171 S.E.2d at 97.

Even though summary judgment is usually disfavored in negligence cases, "[n]egligence is not presumed from the mere fact of injury." *Robinson v. Wal-Mart Stores, Inc.,* 158 N.C. App.

4

299, 301-02, 580 S.E.2d 426, 428 (2003) (citations omitted). When faced with a summary judgment motion, the plaintiff must "offer legal evidence tending to establish beyond mere speculation or conjecture every essential element of negligence, and upon failure to do so, nonsuit is proper." *Id.* at 301-02, 580 S.E.2d at 428.

In *Fox v. Great Atlantic & Pac. Tea Co.* (**Exhibit C**), the plaintiff slipped and fell in the defendant's store. 209 N.C. 115, 182 S.E. 662 (1935). The plaintiff entered the store, walked about two to three feet inside the store, and she stepped on a beet that was lying on the floor between the vegetable display bins. *Id.* The plaintiff did not offer any evidence to show how the beet fell on the floor and the plaintiff did not offer any evidence to show how long the beet had been on the floor before her fall. *Id.* At the close of the plaintiff's case, the action was dismissed and the plaintiff appealed. *Id.*

On appeal, the Supreme Court affirmed the lower court's dismissal because the plaintiff could not offer any proof that the defendant knew, or should have known, that the beet was lying on the floor in the produce area. *Id.* at 115, 182 S.E. at 663. The Court further stated that the defendant "is not an insurer of the safety of those who enter its store for the purpose of making purchases, and the doctrine of res ipsa loquitur is not applicable." *Id.* The Court held that the plaintiff must prove actionable negligence of the defendant in order for the plaintiff to recover for her alleged injuries. *Id.*

In *Norris v. Belk's Dept. Store of Dunn, N.C., Inc.* (**Exhibit D**) the plaintiff alleged that she slipped and injured herself when she stepped on an oily spot on the floor. 259 N.C. 350, 351, 130 S.E.2d 537, 538 (1963). The plaintiff alleged she slipped on tissue paper and a sucker stick (i.e., a handle for a piece of candy) which caused the plaintiff's feet to slip out from underneath

5

her. *Id.* at 352, 130 S.E.2d at 538.  At trial, the court entered judgment for the defendant and the plaintiff appealed.

On appeal, the Supreme Court noted that the defendant store owner had a duty "to keep the aisles and passageways in reasonably safe condition." *Id.* at 353, 130 S.E.2d at 539. However, the Court noted that the record contained no evidence that the aisles in defendant's stores had other trash throughout, other than the debris that the plaintiff had slipped on. *Id.* at 354, 130 S.E.2d at 539.  Additionally, there was no evidence that the defendant did not sweep its floors or clean in reasonable intervals prior to the plaintiff's fall. *Id.*  In summary, the Court found "no evidence of neglect of duty on the part of defendant proximately causing plaintiff's injury." *Id.*

The present case is similar to *Fox v. Great Atlantic & Pac. Tea Co.* because neither the plaintiff in that case nor the Plaintiff in this case could offer any evidence about the debris that caused both of them to fall.  In *Fox*, the plaintiff offered no evidence to show how the beet arrived on the floor and the plaintiff could not offer any evidence to show how long the beet had been on the floor. 209 N.C. at 115, 182 S.E. at 662.  Here, the Plaintiff admitted in her deposition that she did not know how the grapes arrived on the floor and she could not state how long the grapes had been on the floor.  (**<u>Ex. B – Plaintiff's Depo., Pg. 19, Lns. 24-25; Pg. 20, Lns. 1-2</u>**). Additionally, the Plaintiff stated that no one from Wal-Mart told her how the grapes arrived on the floor and the Plaintiff stated that no one from Wal-Mart could tell her how long the grapes had been on the floor. (**<u>Ex. B – Plaintiff's Depo., Pg. 20, Lns. 3-8</u>**).

Ms. Gore's case also resembles the one in *Norris v. Belk's Dept. Store of Dunn, N.C., Inc.*, where the plaintiff could not present any evidence that the aisles in the defendant's stores were dirty or in need of cleaning. 259 N.C. at 354, 130 S.E.2d at 539.  Also, the plaintiff in

6

*Norris* did not present any evidence about the defendant's policies of cleaning the store in reasonable intervals before the plaintiff's fall. *Id*. Here, the Plaintiff could not offer any other evidence that the Defendant's floors were dirty. Additionally, the Plaintiff gave no evidence that the Defendant Wal-Mart did not sweep or clean its floors prior to the Plaintiff's fall.

Given the case law in North Carolina and given the Plaintiff's own testimony in her deposition, the Court should dismiss the Plaintiff's case because the Plaintiff cannot show that Wal-Mart knew, or reasonably should have known, that the grapes that caused the Plaintiff's fall were present on the floor at any time prior to the Plaintiff's fall.

## CONCLUSION

For the reasons stated above, Wal-Mart is entitled to prevail on its Motion for Summary Judgment under Federal Rule 56 of the Rules of Civil Procedure. Wal-Mart respectfully requests that the Plaintiff's cause of action be dismissed because no genuine issue exists as the Plaintiff has offered no evidence that tends to prove that Wal-Mart knew, or reasonably should have known, that the alleged hazard was present on the floor before the Plaintiff's fall.

This the 30th day of November, 2017.

**BROWN, CRUMP, VANORE & TIERNEY, L.L.P.**

By: \_\_\_\_/s/ Michael W. Washburn_____
Michael W. Washburn
NC State Bar No. 20202
Jonathan W. Martin
NC State Bar No. 49381
P.O. Box 1729
Raleigh, NC 27602
*Attorney for Defendant Wal-Mart Stores, Inc.*

7

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2

Undersigned counsel, in compliance with Local Rule 7.2(f)(2) and Rule 7.2(f)(4), certifies that the above memorandum complies with the applicable word limit, not to exceed 30 pages in length.

**BROWN, CRUMP, VANORE & TIERNEY, L.L.P.**

By:       /s/ Michael W. Washburn
Michael W. Washburn
NC State Bar No. 20202
Jonathan W. Martin
NC State Bar No. 49381
P.O. Box 1729
Raleigh, NC  27602
Telephone: (919) 835-0909
Facsimile: (919) 835-0915
Email:  mwashburn@bcvtlaw.com
jmartin@bcvtlaw.com
*Attorney for Defendants Wal-Mart and Wal-Mart Stores East LP*

8

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney hereby certifies that a copy of the foregoing **Memorandum of Law in Support of Summary Judgment**, was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

> Tracie Brisson
> 52 Physicians Drive
> Supply, North Carolina 28462
> T – (910)-754-2816
> F – (910)-754-2818
> E – traciebrisson@wwpemlaw.com
> *Counsel for Plaintiff*

Dated this 30th Day of November, 2017.

**BROWN, CRUMP, VANORE & TIERNEY, L.L.P.**

By: ___/s/ Michael W. Washburn_____
Michael W. Washburn
NC State Bar No. 20202
Jonathan W. Martin
NC State Bar No. 49381
P.O. Box 1729
Raleigh, NC  27602
Telephone: (919) 835-0909
Facsimile: (919) 835-0915
Email:  mwashburn@bcvtlaw.com
        jmartin@bcvtlaw.com
*Attorney for Defendants Wal-Mart and Wal-Mart Stores East LP*

9