IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:17-cv-44

MELISSA GORE,

Plaintiff,

v.

WAL-MART STORES, INC., XYZ
CORPORATION, INC., and,
JOHN DOE,

Defendants.

**EXHIBIT A**

**DEFENDANT'S MEMORANDUM OF
LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Exhibit A – Plaintiff's Complaint (filed 19 January 2017)

State of North Carolina

Columbus County

FILED

2017 JAN 19 AM 10 4

COLUMBUS CO., C.S.S.

BY _____

In The General Court of Justice

Superior Court Division

File No.:

Melissa Gore )
Plaintiff, )
)
)
)
vs. )
)
Wal-Mart Stores, Inc. )
)
And )
)
XYZ Corporation, Inc., )
)
And )
)
John Doe, )
)
Defendant )

Complaint

(Jury Trial Demanded)

NOW COMES the Plaintiff, by and through counsel, complaining of the Defendants alleges as follows:

## Parties

1. Plaintiff Melisa Gore is a citizen and resident on Marion County, North Carolina

2. Defendant Wal-Mart Stores, Inc. (hereinafter, "Wal Mart") is a Delaware corporation whose principal office address in North Carolina is 702 SW 8th Street, Bentonville, Arkansas 72716

1

Case 7:17-cv-00044-FL    Document 15-1    Filed 11/30/17    Page 2 of 6

3. Wal-Mart's North Carolina registered agent is CT Corporation System, and Wal-Mart may be served through CT Corporation System at 160 Mine Lane Court, Suite 200, Raleigh, NC 27615.

4. At all times relevant to this action, Wal Mart owned and/or operated the premises upon which Melissa Gore, (hereinafter, "Plaintiff") sustained the injuries which form the basis of this action, and maintained a general store and grocery store and/or place of business in Columbus County, North Carolina located at 200 Columbus Corners Drive, Whiteville, North Carolina 28472 and is subject to the jurisdiction of this Court.

5. Venue is proper.

6. Defendant XYZ Corporation (hereinafter, "XYZ") occupied the position of the unknown company of the premises where the subject incident occurred, and at all times relevant to this action, was acting within the scope of employment for Defendant Wal Mart and whose acts and/or omissions are believed to have contributed to Plaintiff's claims for damages and is subject to the jurisdiction and venue of this Court.

7. Defendant JOHN DOE, (hereinafter, "Doe") is an unidentified individual who, at all times relevant to this action, was acting within the course and scope of employment for employment for Defendant Wal-Mart and/or Defendant XYZ on the premises where Plaintiff sustained the injuries which form the basis of this action and whose acts and/or omissions contributed to Plaintiffs damages and is subject to the jurisdiction and venue of this Court.

## Background

8. On or about July 18, 2014, Plaintiff was upon the premises of the Wal Mart facility located at 200 Columbus Corners Drive, Whiteville, North Carolina 28472 (Premises), a business owned and/or operated by Wal Mart and/or Defendant XYZ as an invitee.

9. Plaintiff, through no failure to exercise reasonable care for her own safety, was walking in the Premises and was injured as a result of the defective condition of the floor of the Premises.

10. There were no cones or other warnings in the area of the elevator and/or mat at the time of the fall.

11. Plaintiff did not notice the defective condition of the Premises prior to falling.

12. Upon information and belief, Defendant Wal Mart and/or Defendant XYZ had exclusive ownership, possession and control over the Premises at all times relevant to this action.

13. Upon information and belief, Defendant Wal Mart and/or Defendant XYZ and/or Defendant Doe were responsible for the maintenance and upkeep of the Premises.

14. Defendant Wal Mart and/or Defendant XYZ and/or Defendant Doe had actual and/or constructive knowledge of the defective condition of the premises at issue.

15. As a result of Plaintiff's fall, she suffered bodily injury.

2

16. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered bodily injuries, pain and suffering, discomfort, mental and emotional distress, lost wages, and medical expenses, in excess of Twenty-Five Thousand and Zero/100 Dollars ($25,000.00).

## COUNT 1
### PREMISES LIABILITY

17. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 17 above as if fully stated herein

18. Plaintiff was an invitee on the Premises at the time of the incident.

19. Defendant Wal Mart and/or Defendant XYZ owed a non-delegable duty of reasonable care in keeping the premises and approach safe for invitees such as Plaintiff.

20. Plaintiff did not know and could not reasonably have learned of the danger posed by the defective condition of the Premises without proper notice or warning.

21. Defendant Wal Mart and/or Defendant XYZ had actual and/or constructive knowledge of the existence of the hazard, knew or should have known that the defective condition of the Premises posed a danger to invitees on the premises and approach, and should have notified or warned invitees about this hazard.

22. Defendant Wal Mart and/or Defendant XYZ was negligent in failing to properly maintain the Premises at issue in a safe manner, properly inspect the area where the incident occurred, in failing to remedy the presence of the defective Premises in failing to take adequate measures to protect invitees from deficiencies at its location, and in failing to keep the Premises safe for invitees.

23. As a direct and proximate result, Plaintiff was injured and is entitled to an award of special damages for medical expenses and lost wages in an amount to be shown at trial, and general damages in an amount to be determined by this court against the Defendants, in excess of Twenty-Five Thousand and Zero/100 Dollars ($25,000.00).

## COUNT II

### LIABILITY OF DEFENDANTS XYZ CORPORATION AND JOHN DOE

24. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 23 above as if fully stated herein.

25. At all times relevant to this action, Defendants XYZ Corporation and/or Defendant Doe had a duty to reasonably inspect, repair and maintain the area where Plaintiff's incident occurred.

26. Defendants XYZ Corporation and/or Defendant Doe negligently failed to inspect, repair and maintain the area where Plaintiff's fall occurred and negligently failed to take reasonable measures to ensure the safety

3

of invitees on the premises, on the elevator, and/or the mat at issue and approach and warn invitees such as Plaintiff of the presence of a defective accessibility ramp and/or sidewalk.

27. As a direct and proximate result, Plaintiff was injured and is entitled to an award of special damages for medical expenses and lost wages in an amount to be shown at trial, and general damages in an amount to be determined by this court against the Defendants, in excess of Twenty-Five Thousand and Zero/100 Dollars ($25,000.00).

## COUNT III

### VICARIOUS LIABILITY

28. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

29. At all times relevant to this action, Defendants XYZ Corporation and/or Defendant Doe and other individuals responsible for inspecting, repairing and maintaining the area where the Plaintiffs incident occurred were employed by Defendant Wal Mart and were acting within the scope of their employment.

30. Defendant Wal Mart is responsible for the conduct of these individuals under the doctrine of Respondeat Superior, agency or apparent agency.

31. As a direct and proximate result, Plaintiff was injured and is entitled to an award of special damages for medical expenses and lost wages in an amount to be shown at trial, and general damages in an amount to be determined by this court against the Defendants, in excess of Twenty-Five Thousand and Zero/100 Dollars ($25,000.00).

## COUNT IV

### NEGLIGENT TRAINING & SUPERVISION

32. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 31 above as if fully restated.

33. Defendant Wal Mart and/or Defendant XYZ was negligent in failing to adopt appropriate policies and procedures to make sure that invitees receive appropriate notice or warning of hazardous conditions on the Premises and in failing to train their employees concerning safety procedures for maintaining the premises.

34. Defendant Wal Mart and/or Defendant XYZ was negligent in training and supervising their staff.

35. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered bodily injuries, pain and suffering, discomfort, mental and emotional distress, lost wages, and medical expenses.

36. As a direct and proximate result of the Defendants' negligence, Plaintiff is entitled to an award of special damages for medical expenses and lost wages in an amount to be shown at trial, and general damages in an amount to be determined by this court against the Defendants, in excess of Twenty-Five Thousand and Zero/100 Dollars ($25,000.00).

4

WHEREFORE, Plaintiff prays as follows:

a) That process be issued and the Defendants be served with process as provided by law;

b) That Plaintiff have a trial by jury on all issues so triable;

c) That Plaintiff have a verdict and judgment against the Defendants to compensate Plaintiff for all special, general, compensatory and consequential damages in an amount proven at trial to be adequate and just;

d) That all costs be cast against the Defendants; and

e) That this Court grant such other and further relief as it deems appropriate.

Respectfully submitted this 12th day of January, 2017.

Jeremy T. Canipe
NC Bar No. 28465
**The Law Offices of Shane Smith, P.A.**
10130 Mallard Creek Road
Suite 300
Charlotte, NC 28262
(P) 704-817-4710
(F) 980-225-5274
*Attorney for Plaintiff*

5