IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:17-cv-44

MELISSA GORE,

                Plaintiff,

    v.

WAL-MART STORES, INC., XYZ
CORPORATION, INC., and,
JOHN DOE,

                Defendants.

**EXHIBIT C**

**DEFENDANT'S MEMORANDUM OF
LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**Exhibit C –** ***Fox v. Great Atlantic & Pac. Tea Co.*, 209 N.C. 115, 182 S.E. 662 (1935)**

182 S.E. 662

209 N.C. 115
Supreme Court of North Carolina.

FOX

v.

GREAT ATLANTIC & PACIFIC TEA CO.

No. 685.
|
Dec. 11, 1935.

Appeal from Superior Court, Guilford County; McElroy, Judge.

Action by Mrs. J. A. Fox against the Great Atlantic & Pacific Tea Company. From a judgment of dismissal as of nonsuit, the plaintiff appeals.

Affirmed.

West Headnotes (4)

[1] **Negligence**
    Care Required of Store and Business Proprietors

    Storekeeper is not insurer of safety of those who enter store to make purchases.

    5 Cases that cite this headnote

[2] **Negligence**
    Buildings and Other Structures

    Customer suing storekeeper for injuries sustained in store must establish actionable negligence of storekeeper.

    Cases that cite this headnote

[3] **Negligence**
    Particular Cases

    Res ipsa loquitur doctrine held not applicable where customer stepped and slipped on beet lying on floor of store between vegetable bins.

    6 Cases that cite this headnote

[4] **Negligence**
    Buildings and Other Structures

    Customer held not entitled to recover for injuries sustained when she stepped and slipped on beet lying on floor between vegetable bins in store, in absence of evidence of how beet got upon floor or how long beet had been there.

    5 Cases that cite this headnote

This is an action to recover damages for personal injuries alleged to have been proximately caused by the negligence of the defendant.

On the morning of the 26th day of June, 1934, between 10 o'clock and noon, the plaintiff went to the store of the defendant, on West Market street in the city of Greensboro, for the purpose of making a purchase of meat, and when she had gotten inside, two or three feet past the entrance, she stepped on a beet which was lying on the floor between the bins, where vegetables were placed for display and sale, which caused her to slip and injure her ankle and back.

There was no evidence tending to show how the beet got on the floor of the aisle between the vegetable bins, or how long it had been there before the plaintiff stepped on it and slipped.

At the close of the evidence for the plaintiff, the action was dismissed by *663 judgment as of nonsuit, and the plaintiff appealed.

**Attorneys and Law Firms**

Younce & Younce, of Greensboro, for appellant.

Sapp & Sapp, of Greensboro, for appellee.

**Opinion**

PER CURIAM.

[1] [2] [3] [4] Since there is no evidence of how the beet got upon the floor of the aisle, or of how long the beet had been upon the floor before the plaintiff stepped on

it, there is no evidence of negligence on the part of the defendant. The defendant is not an insurer of the safety of those who enter its store for the purpose of making purchases, and the doctrine of res ipsa loquitur is not applicable. Before the plaintiff can recover, she must, by evidence, establish actionable negligence on the part of the defendant, Bowden v. S. H. Kress & Co., 198 N.C. 559, 152 S.E. 625; Cooke v. Tea Co., 204 N.C. 495, 168 S.E. 679, and this she has failed to do.

The judgment is affirmed.

**All Citations**

209 N.C. 115, 182 S.E. 662

---

End of Document

© 2017 Thomson Reuters. No claim to original U.S. Government Works.