IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:17-cv-44

MELISSA GORE,
                Plaintiff,


       vs.

WAL-MART STORES, INC. and XYZ
CORPORATION, INC. and JOHN DOE,
                Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Plaintiff pursuant to Local Rule 7.1 and 7.2(a), and submits this

Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment.

## STATEMENT OF THE NATURE OF THE CASE

Plaintiff filed a Complaint against the Defendant Wal-mart Stores Inc. (hereinafter "Wal-

mart") on January 19, 2017, alleging negligence. On February 27, 2017, Defendant filed a Notice

of Removal to the United States District Court of North Carolina based on diversity jurisdiction

pursuant to 28 U.S.C. § 1332, and the Defendant filed an Answer the same day. Defendant

asserted various defenses. Following discovery, including the deposition of the Plaintiff,

Defendant filed a Motion for Summary Judgment. Plaintiff now submits this Memorandum of

Law in Opposition to Defendant's Motion for Summary Judgment.

## STATEMENT OF THE FACTS

This case involves a negligence action, arising from a slip and fall accident that occurred

on the premises of the Defendant, in Whiteville, North Carolina on July 18, 2014.  The Plaintiff

was on the premises as an invitee, and this was the first time she had been in the grocery area of

the Whiteville Wal-mart store. (Exhibit A-Plaintiff's Deposition, Pg.. 14)   Plaintiff left the ice

cream aisle and proceeded in the main aisle headed to the front of the store. As she turned onto the produce aisle to look for her husband, her feet came out from under her after her very first step into the produce section. **(Exhibit A-Plaintiff's Deposition, Pg. 19, Lines 1-6, Pg. 29, Lines 11-13, 21-23, Pg. 30, Line 12)** After she fell, Plaintiff noticed that the grapes were squished and the area where she slipped felt wet. She also noticed other squished grapes over to the side from where she had fallen. **(Exhibit A-Plaintiff's Deposition, Pg. 19, Lines 22-23, Pg.20, Lines 11-12, Pg. 48, Line 18)** Plaintiff also noticed that the floors in the produce section had dark spots like something had been spilled and that they had not been mopped. **(Exhibit A-Plaintiff's Deposition, Pg. 49, Lines 3-5)** She also stated that the store was busy that night and that it took a while for her husband to find an employee to help them after the fall. **(Exhibit A-Plaintiff's Deposition, Pg. 22, Lines 1-9 and 22)** Defendant does not have any written maintenance log showing when inspections and clean ups are performed on the premises. **(Exhibit B-Defendant's Supplemental Discovery Response to Plaintiff's Interrogatory No. 8)**. Plaintiff had not handled the grapes before she fell. She testified that she came straight from the ice cream section and fell immediately as she began her way into the produce section. **(Exhibit A-Plaintiff's Deposition, Pg. 19, Lines 1-6, Pg 30, Line 12)** At the time of Plaintiff's fall, there also were no mats or rugs on the floor in the area where she fell. **(Exhibit A-Plaintiff's Deposition, Pg. 30, Line 22-23).** The Defendant now has placed rugs in the area of the fall **(Exhibit A-Plaintiff's Deposition, Pg. 28, Line 24)** There is no evidence to contradict that there were squished grapes on the floor and that the floors were dirty at the time of Plaintiff's fall, and this is a factual question that a jury must decide. Reference can be made to Plaintiff's affidavit as well, which confirms and shows that a factual question for the jury exists. **(Exhibit C-Plaintiff's Affidavit)**

## STANDARD FOR SUMMARY JUDGMENT

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56 (2017). "Summary judgment provides a drastic remedy and should be cautiously used so that no one will be deprived of a trial on a genuine, disputed issue of fact. The moving party has the burden of clearly establishing the lack of triable issue, and his papers are carefully scrutinized and those of the opposing party are indulgently regarded." *Koontz v. Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). Furthermore, negligence actions, such as the one before this Court in the present case, are poorly suited for disposition on summary judgment, and they ordinarily should be decided by juries. *Pully v. Rex Hospital*, 326 N.C. 701, 392 S.E.2d 380 (1990); *Morrison v. Sears, Roebuck & Co.*, 319 N.C. 298, 354 S.E.2d 495 (1987). In passing upon a motion for summary judgment, the Court "must view the evidence presented by both parties in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of plaintiffs." *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 662, 488 S.E.2d 215, 221 (1997).

In order to prevail on their summary judgment motion, defendants must carry the burden of establishing the lack of a genuine issue as to any material fact and their entitlement to judgment as a matter of law. *Page v. Sloan*, 281 N.C. 697, 704, 190 S.E.2d 189, 193 (1972). Defendants have the very difficult burden of (1) proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party (2) cannot produce evidence to support an essential element of his or her claim. *Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 654, 268 S.E.2d 190, 193 (1980). If the Court feels that the Defendants have met this burden, the nonmoving party must in turn either show that a genuine

issue of material fact exists for trial or must provide an excuse for not so doing. *Moore v. Fieldcrest*, 296 N.C. 467, 469, 251 S.E.2d 419, 421 (1979). "If the moving party fails in his showing, summary judgment is not proper regardless of whether the opponent responds*."* *City of Thomasville*, 300 N.C. at 654, 268 S.E.2d at 193. Once the moving party meets its burden, the nonmoving party must "produce a forecast of evidence demonstrating that the [nonmoving party] will be able to make out at least a prima facie case at trial." *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989).

## **PLAINTIFF'S ARGUMENT**

Under North Carolina Law, in a premises liability case involving injury to an invitee, the owner of the premises has a duty to exercise ordinary care to keep in a reasonably safe condition those portions of the premises which it may expect will be used by its customers during business hours, and to give warning of hidden perils or unsafe conditions insofar as they can be ascertained by reasonable inspection and supervision. *Roumillat v. Simplistic Enters., Inc.,* 331 N.C. 57, 414 S.E.2d 339 (1992) Plaintiff must show that the owner either 1) negligently created the condition causing the injury, or 2) negligently failed to correct the condition after actual or constructive notice of the condition. *Id.* at 64, 414 S.E. 2d at 342-43. Evidence that the condition causing the fall existed for some period of time prior the fall can support a finding of constructive notice. *Morgan v. Tea Co.*, 266 N.C. 221, 145 S.E.2d 877 (1966). In this case, there are obvious issues of fact as to whether Defendant had constructive notice of the grapes on the floor at its store.

The evidence forecasted by the Plaintiff thus far is that she exercised reasonable care in navigating through the store. Plaintiff may not have known how long the grapes were had been on the floor or how they had gotten there, but she did know that the grapes she slipped on were

squished, that the floor felt wet where she slipped and that other grapes that were on the floor near the area where she fell were squished as well. Plaintiff also testified that the floors in the area where she fell had spots like something had been spilled and looked like they had not been mopped in a while. Plaintiff further testified that the store was busy and that it took her husband a while to find a store employee to help them after the fall. Defendant did not keep any type of maintenance logs or records showing when the area was checked or cleaned, but the existence of squished, wet grapes on the floor coupled with a dirty floor and a busy store is evidence that the area may not have been checked or cleaned in a reasonable time prior to the Plaintiff's fall and that a reasonable inspection by Defendant would have likely revealed the grapes on the floor. A reasonable inference can be drawn from these facts that the grapes had been on the floor for a while, thereby showing constructive notice on the part of the Defendant. Furthermore, there is no evidence that Plaintiff handled the grapes before she fell or was even near the grape section when she fell. Plaintiff also testified that at the time of her fall there were no mats in the produce section but after the fall the store placed mats in the area.

The facts of this case are similar to the facts of *Nourse v. Food Lion*, 127 N.C. App. 235, 488 S.E.2d 608 (1997), *affirmed*, 347 N.C. 666, 496 S.E.2d 379 (1998). In *Nourse*, Plaintiff presented evidence that the grape she slipped on was brown and that her clothes were wet from the floor, giving inference that it had been on the floor for some time. The location where the Plaintiff fell was between five to six feet from the grape display and Plaintiff had not handled any grapes prior to the fall. Also, like in this case, there was no record of when the produce department was last inspected or cleaned before plaintiff fell, no store employees were in the produce department when Plaintiff fell, and there was no rug or mat in front of the grape display. Based on these facts, which are almost identical to the facts in the case at hand, the Court found

that there was enough evidence to show a reasonable inference that the grape has been on the floor for some period of time and that the Defendant had constructive notice of the condition on which Plaintiff slipped and fell. The Court in *Nourse* denied Plaintiff's Motion for Summary Judgment on the grounds that there was a genuine issue of material fact as to whether the Defendant failed, after constructive notice, to remove the grapes from the floor.

## CONCLUSION

For the reasons stated above, Defendant cannot carry its burden of establishing the lack of a genuine issue as to any material fact and its entitlement to judgment as a matter of law. Accordingly, Plaintiff respectfully requests that the Court deny Defendant's Motion for Summary Judgment on the grounds that a genuine issue of material fact as to whether the Defendant had notice of the grapes on the floor exists.

Respectfully submitted this 10th day of January, 2018.

/s/ Tracie Brisson
Tracie Brisson
N.C. Bar No.  25558
WRIGHT WORLEY POPE EKSTER & MOSS, PLLC
52 Physicians Drive
Supply, North Carolina  28462
Telephone: 910-754-2816
Facsimile: 910-754-2818
Email: traciebrisson@wwpemlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2

Undersigned counsel, in compliance with Local Rule 7.2(f)(2) and Rule 7.2(f)(4) certifies that the above memorandum complies with the applicable word limit, not to exceed 30 pages in length.

/s/ Tracie Brisson
Tracie Brisson
N.C. Bar No. 25558
WRIGHT WORLEY POPE EKSTER & MOSS, PLLC
52 Physicians Drive
Supply, North Carolina 28462
Telephone: 910-754-2816
Facsimile: 910-754-2818
Email: traciebrisson@wwpemlaw.com
*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that the foregoing **Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to the following:

>Michael W. Washburn
>BROWN, CRUMP, VANORE & TIERNEY, LLP
>P.O. Box 1729
>Raleigh, NC 27602
>mwashburn@bcvtlaw.com
>
>Jonathan W. Martin
>BROWN, CRUMP, VANORE & TIERNEY, LLP
>P.O. Box 1729
>Raleigh, NC 27602
>jmartin@bcvtlaw.com

This the 10th day of January, 2018.

>/s/ Tracie Brisson
>Tracie Brisson (N.C. Bar No. 25558)
>WRIGHT WORLEY POPE EKSTER & MOSS, PLLC
>52 Physicians Drive
>Supply, North Carolina 28462
>Telephone: 910-754-2816
>Facsimile: 910-754-2818
>Email: traciebrisson@wwpemlaw.com
>*Attorneys for Plaintiff*