IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CV-44-FL

| | |
|---|---|
| MELISSA GORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  ORDER |
| | ) |
| WAL-MART STORES, INC., XYZ | ) |
| CORPORATION, INC., and JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on defendant's motion for summary judgment (DE 14). Plaintiff filed her response in opposition to the motion, and the time for defendant to reply has passed. The issues raised have been fully briefed and are ripe for adjudication. For the reasons that follow, the court denies defendant's motion for summary judgment.

**STATEMENT OF THE CASE**

On February 27, 2017, defendant removed this action from Columbus County Superior Court to this court, invoking the court's diversity jurisdiction. Plaintiff contends that defendant's premises were negligently maintained, and that she suffered injuries resulting from the negligently maintained premises. Plaintiff seeks damages.

After pleading and discovery, defendant filed the instant motion for summary judgment. Defendant argues that plaintiff has failed to show it had actual or constructive notice of the hazard which caused her injury, and thus was not negligent in failing to warn or make safe the dangerous condition. In support of its motion, defendant relies upon plaintiff's complaint (DE 15-1), excerpts

from plaintiff's deposition ("Gore Deposition") (DE 15-2), and a statement of material facts ("Statement of Facts") (DE 16).

Plaintiff argues in opposition that a genuine issue of material fact exists as to whether or not defendants should have known of the grapes which caused her to slip and fall. In support of her contentions, plaintiff also relies her deposition (DE 20-1), as well as her affidavit ("Gore Affidavit") (DE 20-1), defendant Walmart's supplemental response to interrogatories (DE 20-1), and a statement of material facts ("Statement of Facts") (DE 21).

## STATEMENT OF UNDISPUTED FACTS

The undisputed facts may be summarized as follows. Plaintiff visited Wal-Mart Store #1268 on July 18, 2014. (Statement of Facts (DE 16, 21) ¶ 1). Plaintiff fell on the floor of Wal-Mart Store #1268 due to a grape on the floor in the produce section of the store. (Id. ¶ 2). Plaintiff noticed squished grapes on the floor after she fell on the aforementioned date. (Id. ¶ 3; Gore Deposition (DE 20-1) 19:21-23; Gore Affidavit (DE 20-1) ¶ 5). Plaintiff also noticed other squished grapes over to the side where she had fallen. (Gore Deposition (DE 20-1) 20:9-12; Gore Affidavit (DE 20-1) ¶ 5). The floors in the produce section had dark spots on the floor like something had been spilt in the aisle way. (Gore Deposition (DE 20-1) 48:25-49:5; see Gore Affidavit (DE 20-1) ¶ 6). At the time plaintiff fell, the store was busy and it took plaintiff's husband a few minutes to find a store employee for assistance. (Gore Deposition (DE 20-1) 22:3-9, 22:22-23).

Plaintiff did not know how the grapes arrived on the floor, and plaintiff did not know how long the grapes had been on the floor. (Statement of Facts (DE 16, 21) ¶ 4). Plaintiff did not hear anyone from Wal-Mart say how the grapes got onto the floor, and plaintiff did not hear anyone from Wal-Mart say how long the grapes had been on the floor. (Id. ¶ 5).

# DISCUSSION

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation omitted). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability,

. . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

B.      Analysis

"[T]he standard of care a landowner owes to persons entering upon his or her land is to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors." Martishius v. Carolco Studios, Inc., 355 N.C. 465, 473 (2002) (citing Nelson v. Freeland, 349 N.C. 615, 632 (1998)) (internal quotations omitted). "[T]he owner is not liable for injury resulting [from a dangerous condition] unless he knew of its existence or it had existed long enough for him to have discovered it by the exercise of due diligence and to have removed or warned against it." Aaser v. City of Charlotte, 265 N.C. 494, 499 (1965).

"In order to prove a defendant's negligence in a premises liability case, the plaintiff must first show that the defendant either (1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence." Roumillat v. Simplistic Enterprises, Inc., 331 N.C. 57, 64 (1992), abrogated on other grounds by Nelson, 349 N.C. at 632; Rolan v. N.C. Dep't of Agric. & Consumer Servs., 233 N.C. App. 371, 382 (2014). "The length of time for which a dangerous condition in a store must exist to charge a storekeeper with knowledge of it depends on the nature of the business, the size of the store, the

number of customers, the nature of the dangerous condition, and its location." Norris v. Belk's Dep't Store of Dunn, N.C., Inc., 259 N.C. 350, 353 (1963).

"The mere fact that one slips and falls on a floor does not constitute evidence of negligence." Hinson v. Cato's, Inc., 271 N.C. 738, 739 (1967). However, defendant's negligence "may be established by circumstantial evidence." Snow v. Duke Power Co., 297 N.C. 591, 597 (1979); see Nourse v. Food Lion, 127 N.C. App. 235, 241 (1997), affirmed, 347 N.C. 666, 496 S.E.2d 379 (1998). In Nourse, the court considered whether plaintiff had sufficiently established evidence of passive negligence by defendant where plaintiff slipped and fell on a grape. Nourse, 127 N.C. App. at 241. The court found that evidence the grape was brown, as well as the presence of water on the floor, was sufficient to raise an inference of negligence. Id.

Although plaintiff provides minimal evidence, it is reasonable to infer from the evidence in the record that her case is analogous to Nourse. Plaintiff slipped and fell on the floor of defendant's store due to a grape. (Statement of Facts (DE 16, 21) ¶ 2). The aisle around plaintiff was dirty, and there were other grapes in the area that were squished. (Gore Deposition (DE 20-1) 19:21-23, 20:9-12; Gore Affidavit (DE 20-1) ¶ 5). Moreover, the store was busy it took several minutes for plaintiff's husband to find an employee to assist plaintiff after the accident. (Gore Deposition (DE 20-1) 22:3-9, 22:22-23). The facts presented in the record are probative of the fact that the grapes plaintiff slipped on were on the floor for a long time, employees were not diligent in cleaning up the mess in the produce section, defendant had a large number of customers in the store at the time of the injury, and the grapes were more likely to be dangerous as a squished substance on the floor of the produce section. See Norris, 259 N.C. at 353. Consequently, the facts presented are sufficient to raise a reasonable inference that defendant had constructive knowledge that grapes had been spilt in the produce section, and that they failed in their duty to warn or make safe the aisle where the

5

spill occurred.

Defendant argues that plaintiff has failed to show any evidence that it had actual or constructive knowledge of the grapes spilled in the aisle, and further argues that summary judgment is appropriate because there is no genuine issue of material fact. The court disagrees. The cases cited by defendant are inapposite because they do not address circumstantial evidence of negligence presented by plaintiff. In Fox v. Great Atlantic & Pac. Tea Co., the North Carolina Supreme Court dismissed plaintiff's case because there was no evidence "of how long the beet had been upon the floor before the plaintiff stepped on it." 209 N.C. 115 (1935) (per curiam). In Norris, the court found that plaintiff had failed to show any evidence of other debris in the aisle besides what caused plaintiff's fall, or allege that aisles and passageways were not cleaned regularly. Norris, 259 N.C. at 354. As discussed above, plaintiff has provided testimony that the produce aisle was dirty and that there were other squished grapes in the area. (Gore Deposition (DE 20-1) 19:21-23, 20:9-12; Gore Affidavit (DE 20-1) ¶ 5). This testimony makes her case distinguishable from those cited by defendant, because it provides some evidence of how long the grapes might have been on the floor, and whether defendant should have known about them. See Nourse, 127 N.C. App. at 241.

Plaintiff has presented sufficient circumstantial evidence to create a reasonable inference that defendant knew or should have known of the spilt grapes, and therefore should have warned plaintiff of the danger or cleaned up the mess in the produce aisle. "[E]vidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. at 255. Thus, defendant is not entitled to summary judgment because plaintiff raises a genuine issue of material fact as to defendant's negligence. Defendant's motion for summary judgment is denied.

**CONCLUSION**

Based on the foregoing, the court DENIES defendant's motion for summary judgment. (DE 14). Where claims remain for trial following the court's order on summary judgment motion entered this date, in accordance with the court's case management order entered April 18, 2017, this case now is ripe for entry of an order governing deadlines and procedures for final pretrial conference and trial. The parties are DIRECTED to confer and file within **14 days** from the date of this order a joint status report informing of 1) estimated trial length; 2) particular pretrial issues which may require court intervention in advance of trial, if any; and 3) at least three suggested alternative trial dates. In addition, the parties shall specify if they wish to schedule a court-hosted settlement conference or additional alternative dispute resolution procedures in advance of trial, and if so the date for completion of such.

SO ORDERED, this the 28th day of September, 2018.

LOUISE W. FLANAGAN
United States District Judge